IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOMINIC A. DIGRAZIA,

    Petitioner,                      No. CIV S-06-1784 LKK EFB P

    vs.

JOHN MARSHALL, Warden,[1]

    Respondent.                   FINDINGS AND RECOMMENDATIONS

                             /

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. The matter is currently before the court on respondents' motion to dismiss on the ground that the petition is untimely. For the reasons explained below, the court finds that the petition is untimely and must be dismissed.

**I.    Facts**

    On October 13, 2000, petitioner was convicted of continuous sexual abuse of a child and was sentenced to a term of 12 years in prison. Docs. Lodged in Supp. of Resp.'s Mot. to Dism., Nov. 9, 2006, Doc. 1. Petitioner appealed, and the judgment was affirmed on September 13, 2001. *Id*., at Doc. 2. Petitioner did not seek review in the California Supreme Court.

////

---

[1] John Marshall, currently the warden at the facility where petitioner is confined, is substituted for Jeanne S. Woodford, as respondent. *See* Fed. R. Civ. P. 25(d)(1).

Petitioner filed five motions for post conviction relief in California's courts. Because petitioner is a prisoner and cannot actually file documents on his own, the court deems all his petitions, state and federal, filed on the date he relinquished them to prison officials for filing, as reflected by the certificates of service. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (notice of appeal by *pro se* litigant deemed filed when the prisoner delivers it to prison authorities for delivery to the court); *see also Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002). On October 21, 2002, he filed a petition for a writ of habeas corpus in the trial court. *Id*., at Doc. 3. That petition was denied on January 13, 2002. *Id*., at Doc. 4. On February 27, 2003, petitioner filed a petition for a writ of habeas corpus in the appellate court. *Id*., at Doc. 5. The appellate court denied that petition on March 13, 2003, without citation or explanation. *Id.*, at Doc. 6. On July 28, 2003, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court which was denied, again without citation or explanation, on May 19, 2004.

On September 7, 2004, petitioner filed a petition for a "writ of error coram vobis" (sic) in the appellate court.[2] *Id*., at Doc. 9. On September 16, 2004, the petition was denied without explanation or citation. *Id*., at Doc. 10. On March 14, 2005, petitioner filed a petition for a writ of "error coram vobis" (sic) in the California Supreme Court. *Id*., at Doc. 11. The court denied relief without citation or explanation. *Id*., at Doc. 12.

The instant petition was filed in this court on August 11, 2006.

**II.    Standards**

The applicable time limit for seeking a federal writ of habeas corpus is one year. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of: the date the judgment became final on direct review; the date on which a state-created impediment to filing is removed; the date that the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim

---

[2] California still recognizes the writ of error *coram nobis*. *See People v. Kim*, ___ Cal. Rptr.3d ___, 2007 WL 1207418, *4 (Cal. App. 6 Dist).

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). When a petitioner appeals the state judgment but does not seek review in the California Supreme Court, the judgment becomes final 40 days after the appellate court opinion is filed. *See* Cal. Rules of Court, Rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a. Since petitioner did not seek Supreme Court review of the appellate court's opinion, petitioner's conviction was final on October 24, 2001. Accordingly, the time for petitioner to file a federal habeas petition expired on October 24, 2002. He filed his petition on August 11, 2006. Absent tolling of the substantial delay, the petition is obviously time barred.

The limitations period is tolled for the time during which a "properly filed" state post conviction application is "pending." 28 U.S.C.§ 2244(d)(2). Thus, the court must determine whether petitioner's applications were "properly filed" and were "pending" in the appellate court and in the California Supreme Court" such that this court exclude this time from the running of the one year limitations period pending." Initially, the court considers what it means for a state post conviction motion to be "properly filed."

It is clear under federal law that an untimely state post conviction application is not "properly filed." *Pace v. DiGugliemo*, 544 U.S. 408, 414 (2005). However, state law governs the determination of whether such an application is timely. California has no clear rule governing the time for filing post-conviction motions. Instead, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is considered timely if filed within a 'reasonable time.'" *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *In re Harris*, 855 P.2d 391, 398 n.7 (Cal. 1993) (habeas petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim."). In the absence of clear direction or explanation about the term "reasonable time," federal courts rely heavily on the state courts' findings in each particular case where a timeliness problem arises. If a California court denies a petition as untimely the federal court is bound by

3

that determination. *Evans v. Chavis*, 546 U.S. 189, __, 126 S.Ct. 846, 852 (2006). However, if the state court gives no guidance, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Chavis*, 546 U.S. at __, 126 S.Ct. at 852. Federal courts ordinarily should consider a delay of up 60 days between a lower court's adverse decision and the filing of a petition in a higher court to be reasonable, and should allow tolling of the limitation period for that time. *Chavis*, 546 U.S. at __ ,126 S.Ct. at 854 (suggesting that, in the absence of guidance from the state court's decision, 60 days is the outer limit of reasonableness).

Given California's loosely defined timeliness rule, the question of whether a state court application is "pending" proves to be a complicated matter. Federal law governs the meaning of "pending." The United States Supreme Court has held that in California, a properly filed post-conviction application is "pending" during reasonable intervals between a lower court decision and the filing of a new petition in a higher court until a petitioner has had "one full round" of state habeas review. *Saffold*, 536 U.S. at 223. The underlying assumption is that this progression, i.e., from the trial court, to the appellate court and then to the California Supreme Court, provides a petitioner with the opportunity to exhaust available state remedies more or less like prisoners in other states. *See Id.*

**III.   Analysis**

The crux of respondent's argument is that the 132-day delay between the appellate court's denial of relief and petitioner's filing of a petition in the California Supreme Court was unreasonable delay. Motion at 5. If so, the petition in the California Supreme Court was not "properly filed," with the consequence that the application was not "pending" for purposes of § 2244(d)(2). Under *Chavis*, this delay appears to be unreasonable. Moreover, this federal petition is untimely for another reason: petitioner did not file any state post conviction motion

////

////

1  until October 21, 2002, when 362 days of the limitation period had elapsed.³   Therefore,
2  assuming all of petitioner's post-conviction motions were "properly filed" for purposes
3  determining how much time to exclude from the expiration of the one year deadline, he had two
4  days from February 1, 2006, the date the California Supreme Court denied his last petition, to
5  file his federal petition.  He filed the federal petition on August 11, 2006, far later than the two
6  days he had in order to satisfy the statute of limitations.

7  For these reasons, the court finds that the federal habeas petition was filed beyond the
8  one-year limitation period and must be dismissed.

9  Accordingly, it is hereby RECOMMENDED that respondent's November 9, 2006,
10  motion to dismiss be granted and that this action be dismissed as untimely.

11  These findings and recommendations are submitted to the United States District Judge
12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
13  after being served with these findings and recommendations, any party may file written
14  objections with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
17  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
18  Dated:  July 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

³ Thus, the court need not reach the question of whether petitioner was properly pursuing a post-conviction remedy by seeking a writ of error *coram nobis*.

5